IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

LUKE EVANS )
Individually and on Behalf of All )
Others Similarly Situated )
534 Rexford Road )
Florence, MS 39073 )
) Civil Action No.:
Plaintiffs, )
)
v. )
)
NEANY, INC. )
44010 Commerce Avenue )
Suite A )
Hollywood, MD 20636 )
)
Defendant. )
)

## CLASS ACTION COMPLAINT AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Luke Evans, individually and on behalf of all others similarly situated, by and through counsel, files this Complaint against Defendant Neany, Inc. ("Neany"). All allegations made in this Complaint are based on information and belief, except those allegations that pertain to Evans, which are based on personal knowledge. Evans' information and beliefs are based, *inter alia*, on the investigation made by and through counsel.

## NATURE OF THE CASE

1. Neany is a defense contractor headquartered in Hollywood, Maryland. In addition to Maryland, it has operations in Arizona, Florida, California and Virginia.

2. More specifically, Neany is dedicated to creating next generation tactical surveillance aeronautical solutions designed to support the war-fighter and protect and secure our homeland. Upon information and belief, it focuses on military avionics systems, unmanned aerial vehicles ("UAV"), unmanned aerial systems ("UAS"), surveillance and video/imagery solutions. UAV are more commonly known as "drones."

3. Neany provides UAV services on various programs with the U.S. military including the Army and Navy.

4. For the programs described in the preceding paragraph, Neany employs a category of employee called Pilot. Neany uses the titles Aerial Vehicle Pilot, Aerial Vehicle Operator, "AVP" and "AVO" when referring to its Pilots.

5. Neany's policy and practice is to deny earned wages and overtime pay to its Pilots. Neany's failure to pay employees their earned wages and overtime compensation has been deliberate and violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arizona Wage Act, A.R.S. § 23-350, *et seq.* ("AWA").

6. Evans and all other similarly situated persons are current and former Pilots who were/are not paid full wages for all hours worked or overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed beyond the forty (40) hours per workweek, as required by federal and state wage and hour laws, for at least three (3) years prior to the filing of this action. This lawsuit is brought as a collective action under the FLSA and as a class action under the AWA to recover unpaid wages and overtime compensation owed to Evans and all other similarly situated Pilots at Neany.

2

## JURISDICTION AND VENUE

7. The FLSA authorizes claims by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over this FLSA collective action is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Evans also brings this action on behalf of himself and all other similarly situated current and former Pilots in who performed/perform work Arizona as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the AWA. This Court has diversity jurisdiction over Evans' state law claims pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

9. Neany is subject to personal jurisdiction in this District as it maintains its principal place of business/headquarters in this District, regularly does business throughout the State of Maryland, and employed/employs Evans and all other similarly situated employees through its headquarters in Maryland.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Neany resides in this District and because a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

11. Evans resides in Florence, Mississippi. Though he performed services on behalf of Neany in Arizona, he was hired by Neany out of its Hollywood, Maryland headquarters and, at all times relevant hereto, was employed and directed (in part) out of the Hollywood, Maryland headquarters.

12. Evans was employed by Neany as a Pilot from June 2013 until in or about March 2015.

13. Evans was an "employee" of Neany as that term is defined by Section 203 of the FLSA, and as that term is defined and interpreted pursuant to the AWA.

14. Upon information and belief, Neany is a corporation organized under the laws of the State of Maryland. Neany maintains its headquarters/principal executive offices at 44010 Commerce Avenue, Suite A, Hollywood, Maryland 20636.

15. Upon information and belief, Neany employed/employs and directed/directs the Pilots out of its headquarters in Hollywood, Maryland.

16. Neany directs its Pilots to perform services in Arizona and, upon information and belief, other locations throughout the country.

17. Neany was the "employer" of Evans and was/is the "employer" of all other similarly situated former and current individuals as that term is defined by Section 203 of the FLSA and by the AWA.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, Evans seeks to prosecute the FLSA claims as a collective action on behalf of himself and all similarly situated persons who are and/or were employed by Neany since October 11, 2013 (the "Look Back Period"). As explained below, these current and former Neany employees did not receive any wages for certain hours which they have worked as Pilots at Neany (the "FLSA Class"), and they did not receive required overtime compensation at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for work performed during the Look Back Period.

19. In addition, Evans brings Count II of this Complaint under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class of all persons who have worked for Neany as Pilots in Arizona between October 11, 2013 and the date of final judgment in this matter (the "Arizona Class").

20. The persons in the FLSA Class are so numerous that joinder of all similarly situated persons/class members would be impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Neany. Upon information and belief, however, there are at least twenty (20) potential members of the collective action/class action who were or are employed by Neany during the Look Back Period, most of whom would not be likely to file individual lawsuits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

21. The claims of Evans are typical of the claims of the similarly situated persons he seeks to represent. The members of the FLSA Class and the Arizona Class work or have worked for Neany and have been subjected to its policy and pattern or practice of failing to pay overtime wages for work in excess of forty (40) hours per workweek. Neany acted or refused to act on grounds generally applicable to Evans and all other similarly situated persons, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the FLSA Class and the Arizona Class.

22. Count II of this Complaint is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3). There are questions of law and fact common to the members of the action which predominate over questions that may affect only individual members because Neany has acted on grounds and applied policies applicable to all members. Among the questions of law and fact common to Evans and all other similarly situated persons are, *inter alia*:

5

a. whether Neany misclassified the exemption status of Evans and all other similarly situated persons;

b. whether Neany has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and the AWA;

c. whether Neany failed to pay Evans and all other similarly situated persons wages for all hours worked as well as proper overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, the regulations promulgated thereunder, and the AWA;

d. whether Neany failed to include work travel time in the computation of hours worked for Evans and all other similarly situated persons;

e. whether Neany failed to pay Evans and all other similarly situated persons wages and proper overtime compensation for compensable travel time;

f. whether Neany disallowed or prohibited time entries to be made by Evans and all other similarly situated persons;

g. whether Neany improperly paid/pays Evans and all other similarly situated persons based on time periods other than their workweeks;

h. whether Neany failed to keep accurate and complete time records for all hours worked by Evans and all other similarly situated persons;

i. whether Neany violated the overtime compensation requirements of the FLSA and the AWA by acquiescing to the instructions of its customer(s);

j. whether Neany violated the rights of Evans and all other similarly situated persons provided by the Service Contract Act;

k. whether Neany violated the rights of Evans and all other similarly situated persons provided by the Contract Work Hours and Safety Standards Act;

l. the nature and extent of the Arizona Class-wide injury and the appropriate measure of damages for the Arizona Class;

m. whether Neany's violations of the FLSA and the AWA have been willful or with reckless disregard of the statutes;

n. whether Neany is liable for all damages claimed herein including, but not limited to, compensatory, liquidated, and treble damages, interest, costs, and attorney's fees; and

o. whether Neany should be enjoined from violations of the FLSA and the AWA in the future.

23. Evans will fairly and adequately protect the interests of the putative class and has retained counsel who is experienced and competent in the fields of employment law and collective action/class action litigation such as this. Evans has no interests that are contrary to or in conflict with the putative class.

24. Evans and the putative class members have a commonality of interest in the subject matter and the remedies sought.

25. A collective action and class action are superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where the individual plaintiffs likely lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

26. Furthermore, because the damages suffered by each similarly situated person are relatively small compared to the substantial expense and burden of litigation, it would be virtually impossible for any former or current employee of Neany affected by Neany's unlawful

pay practices to pursue relief under the FLSA and the AWA other than as part of a collective action and class action.

27. Evans knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a collective action/class action.

28. If individual actions were required to be brought by each member of the putative class injured or affected, the result would be a multiplicity of actions, creating a hardship to Evans, the putative class members, Neany, and the Court.

29. The members of the FLSA Class and the Arizona Class have been damaged and are entitled to recovery as a result of Neany's common and uniform policies, practices, and procedures.

## STATEMENT OF FACTS

30. Upon information and belief, during the Look Back Period, Neany has improperly classified Evans and all other similarly situated Pilots as "exempt" from the requirements of the FLSA and the AWA, thereby denying these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA and the AWA.

31. In the alternative, if during the Look Back Period, Neany has classified Evans and all other similarly situated Pilots as "non-exempt" from the requirements of the FLSA and the AWA, it has willfully failed to pay these employees proper wages and overtime compensation for hours worked in excess of forty (40) per workweek, as required by the FLSA and the AWA.

32. Upon information and belief, Pilots are deemed to be employed by Neany out of Maryland and their primary work activities for the company are initially assigned by Neany from its corporate headquarters in Hollywood, Maryland. Once the Pilots are assigned to their work

8

locations, Neany has very little, if any, involvement with the assignment and direction of their daily job duties and responsibilities.

33. Though the Pilots are hired by Neany out of its Maryland headquarters, they may perform services on behalf of Neany in other states at the direction of Neany. The Pilots work primarily in Arizona and, upon information and belief, other locations throughout the country which may include, *inter alia*, Florida, California and Virginia.

34. The Pilots routinely work more than forty (40) hours per workweek with the knowledge, permission, and mandate of their superiors and management at Neany.

35. Neany maintains nationwide policies and patterns or practices that violate the rights of Evans and all other similarly situated person Pilots under the FLSA and the AWA.

36. As part of its regular business practice, Neany has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the AWA. This policy and pattern or practice includes, but may not be limited to:

  a. willfully misclassifying Evans and all other similarly situated persons as exempt from the requirements of the FLSA and the AWA;

  b. willfully failing to include in the computation of hours worked the time spent by the Pilots traveling for work;

  c. in workweeks during which more than forty (40) hours were/are worked, not paying the Pilots at a rate not less than one and one-half (1.5) times the regular rate at which they were/are employed for the work performed beyond the forty (40) hours per workweek as required by the FLSA and the AWA;

  d. telling the Pilots they would only be paid for forty (40) hours per workweek even though more than forty (40) hours per workweek were/are worked;

9

e. willfully failing to tell the Pilots to record their hours worked as required by the FLSA and the AWA;

f. willfully failing to maintain any form of time-recording or time-keeping system as required by the FLSA and the AWA;

g. willfully failing to keep payroll records as required by the FLSA and the AWA;

h. willfully failing to pay the Pilots based on hours worked in each workweek as that term is defined by the FLSA and the AWA;

i. failing to maintain the proper, accurate, and complete documentation and records including the Pilots' work travel time and full amount of hours worked on a daily and weekly basis as required by the FLSA and the AWA;

j. willfully failing to comply with the overtime compensation requirements of the FLSA and the AWA by acquiescing to the instructions of its customer(s);

k. willfully failing to comply with the wage and hour requirements of the Service Contract Act to the detriment of the Pilots; and

l. willfully failing to comply with the wage and hour requirements of the Contract Work Hours and Safety Standards Act to the detriment of the Pilots.

37. Upon information and belief, Neany's unlawful conduct detailed in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws, including the AWA.

38. Evans and all other similarly situated persons suffered injury and were negatively affected in a similar fashion as a result of the above-described policies of Neany.

39. Upon information and belief, Neany has committed the above-described federal and state wage and hour law violations as a result of its own improper classification of Evans and all other similarly situated persons as "exempt," when they should have been classified as non-exempt under the FLSA and the AWA.

40. Evans and all other similarly situated persons do not fit into any exemption under the FLSA and the AWA and, therefore, any classification of these employees as exempt from overtime compensation is improper and violates the FLSA and the AWA.

41. The Pilots' primary duty is to operate the UAV. In so doing, the majority of the their work time involves extraordinarily long work hours and the performance of routine, manual tasks to operate the UAV. More specifically, the Pilots:

    a. sit in the Ground Control Station ("GCS") to operate the UAV;

    b. use the computer keyboard, mouse, and Pilot Control Box to input instructions into a computer that maneuvers the UAV;

    c. perform "production" and "testing and evaluation" flights of the UAV;

    d. follow instructions to operate the UAV;

    e. follow pre-flight checklists, flight checklists, and landing checklists;

    f. instruct military personnel and other employees on operating the UAV;

    g. debrief other representatives and other employees on the UAV flights; and

    h. submit paperwork and records concerning the UAV flights.

42. The Pilots are directed by Mission Commanders who are directed by the customer.

43. Pilots do not manage the enterprise.

44. Pilots do not customarily or regularly supervise or direct the work of other full-time employees of Neany, nor do they have any authority to hire or fire other employees.

45. Pilots do not perform office or non-manual work directly related to the management or general business operations of Neany.

46. Pilots' primary duty does not include the performance of work requiring advanced knowledge (defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment). Knowledge possessed by the Pilots and utilized for their work is not in a field of science or learning, nor is it acquired by a prolonged course of specialized intellectual instruction.

47. Pilots do not perform work typically associated with computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field. Further, the Pilots' primary duty does not include the design, development, and/or creation of computer systems or programs.

48. Neany has intentionally and repeatedly misrepresented the true nature of compensation to Evans and all other similarly situated persons, thereby failing to disclose and consciously concealing their true non-exempt status under the FLSA and the AWA and their entitlement to receive full wages and overtime compensation for their work. Upon information and belief, those actions were deliberately taken to avoid any questions by Evans and all other similarly situated persons regarding their entitlement to fair and full compensation for their work. Evans and all other similarly situated persons relied upon Neany's misrepresentations. As a direct and proximate result, Evans and all other similarly situated persons were unable to determine their true status under the FLSA and the AWA by the exercise of reasonable diligence.

49. There are numerous other similarly situated employees and former employees of Neany who have been improperly compensated in violation of the FLSA and the AWA and who would benefit from the issuance of Court-supervised notice of the present action and the opportunity to join the present action. Those similarly situated employees are known to Neany and are readily identifiable and locatable through its records. All employees and former employees who have been employed by Neany as Pilots and who were not performing duties that qualified them to be exempt from the FLSA's and AWA's requirement of overtime pay for work in excess of forty (40) hours per workweek, would benefit from Court-supervised notice and an opportunity to join the present action and should be so notified.

50. Neany has engaged in a widespread pattern and practice of violating the provisions of the FLSA and the AWA by failing to pay Evans and all other similarly situated persons in accordance with those laws.

51. As a direct and proximate result of Neany's violations of the FLSA and the AWA, Evans and all other similarly situated persons have suffered damages by failing to receive compensation to which they were entitled pursuant to those laws.

## COUNT I

## FAIR LABOR STANDARDS ACT

### (COLLECTIVE ACTION)

52. Evans repeats and realleges each and every allegation of the preceding paragraphs as though fully set forth herein.

53. Neany engaged and continues to engage in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

54. At all times relevant hereto, Neany is and has been an "employer" of Evans and all other similarly situated persons within the meaning of § 203(d) of the FLSA.

55. At all times relevant hereto, Neany is and has been an employer/enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of §§ 206(a) and 207(a) of the FLSA.

56. At all times relevant hereto, Neany employed and/or continues to employ Evans and all other similarly situated persons within the meaning of the FLSA.

57. At all relevant times hereto, upon information and belief, Neany has had gross revenues in excess of $500,000.00.

58. Evans consents in writing to be a party plaintiff to this action pursuant to § 216(b) of the FLSA. His written Consent Form is attached hereto and incorporated by reference.

59. Because Neany willfully violated the FLSA by misclassifying Evans and all other similarly situated persons, a three-year (3) statute of limitations applies to such violations pursuant to § 255 of the FLSA.

60. Neany has willfully and intentionally engaged and continues to engage in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Pilots as "exempt" employees, thereby failing and refusing to pay the proper hourly wage computation of current and former Pilots, including Evans and all other similarly situated persons, in accordance with § 206 and § 207 of the FLSA.

61. At all times relevant hereto, Neany had and has a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to Evans and all other similarly situated persons for their hours worked in excess of forty (40) hours per workweek.

62. At all times relevant hereto, Neany had and has a policy and practice of requiring Evans and all other similarly situated persons to perform non-exempt duties without proper compensation and overtime compensation.

63. As a result of Neany's willful failure to compensate its employees, including Evans and all other similarly situated persons, at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Neany has willfully violated, and continues to willfully violate the FLSA.

64. As a result of Neany's failure to record/report the full amount of time Evans and all other similarly situated persons worked/work and to compensate them for such time, Neany has failed to make, keep, and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

65. As a result of Neany's FLSA violations as detailed above, Evans and all other similarly situated persons have suffered damages by being denied full wages and/or overtime compensation in accordance with the FLSA.

66. Neany has not made a good faith effort to comply with the FLSA with respect to its compensation of Evans and all other similarly situated persons.

67. As a direct and proximate result of Neany's unlawful acts, Evans and all other similarly situated persons have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, costs, attorney's fees, and other compensation pursuant to the FLSA.

## COUNT II

## ARIZONA WAGE ACT

## (CLASS ACTION)

68. Evans repeats and realleges each and every allegation of the preceding paragraphs as though fully set forth herein.

69. Neany engaged and continues to engage in a widespread pattern, policy, and practice of violating the AWA, as detailed in this Complaint.

70. At all times relevant hereto, Evans and the members of the Arizona Class have been "employees" within the meaning of the AWA and are covered by the AWA.

71. At all times relevant hereto, Neany is and has been an "employer" of Evans and the members of the Arizona Class within the meaning of the AWA and is covered by the AWA.

72. At all times relevant hereto, Neany employed and/or employs Evans and the members of the Arizona Class within the meaning of the AWA.

73. Evans, on his own behalf and on behalf of the Arizona Class, brings this state law class claim pursuant to the AWA for Neany's failure and refusal to pay him and the members of the Arizona Class their earned wages and overtime compensation, at the rates agreed to by the parties.

74. During the course of his employment with Neany, Evans was not compensated for all time worked in certain workweeks.

75. Other members of the Arizona Class have not been compensated for all time worked in certain workweeks.

76. Evans represents current and former Pilots in Arizona who have not been paid for all of their earned wages and overtime compensation, at the rates agreed by the parties, in the

16

past three years, through and including the present. Evans and the members of the Arizona Class were and are entitled to be compensated for all time they worked/work at the rates agreed to by the parties.

77. Neany's failure to pay Evans and the members of the Arizona Class for all of their earned wages and overtime compensation, at the rates agreed to by the parties, has been willful and is in violation of the AWA.

78. At all times relevant hereto, in violation of the AWA Neany had and has a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to Evans and the members of the Arizona Class for their hours worked in excess of forty (40) hours per workweek.

79. At all times relevant hereto, in violation of the AWA Neany had and has a policy and practice of requiring Evans and the members of the Arizona Class to perform non-exempt duties without proper compensation and overtime compensation.

80. As a result of Neany's willful failure to compensate its employees, including Evans and the members of the Arizona Class, at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Neany has willfully violated and continues to violate the AWA.

81. As a result of Neany's failure to report/properly record the full amount of time Evans and the members of the Arizona Class worked/work and to compensate them for such time, Neany has failed to make, keep, and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the AWA.

82. As a result of Neany's AWA violations as detailed above, Evans and the members of the Arizona Class have suffered damages by being denied full wages and/or overtime compensation in accordance with the AWA.

83. The wages withheld from Evans and the members of the Arizona Class were not withheld as a result of a good faith dispute.

84. As a direct and proximate result of Neany's unlawful acts, Evans and the members of the Arizona Class have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, treble damages, interest, costs, attorney's fees, and other compensation pursuant to the AWA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Luke Evans, individually and on behalf of all other similarly situated persons, prays for the following relief:

(A) certification of this action as a collective action brought pursuant to § 216(b) of the FLSA;

(B) certification of this action as a class action for the state law claims set forth in Count II;

(C) a determination that the practices, policies, and patterns complained of herein are unlawful under the FLSA and the AWA;

(D) an injunction against Neany from engaging in each of the unlawful practices, policies, and patterns complained of herein, including enjoining Neany from classifying Evans and all other similarly situated persons as exempt under the FLSA and the AWA;

(E) a designation of Evans as a Class Representative;

(F) at the earliest possible time, an Order that Neany be required to give notice, or that the Court issue such notice, to all Neany employees in all locations within the United States and Puerto Rico during the three (3) years immediately preceding the filing of this action, who are or may be similarly situated to Evans, informing them that this action has been filed, describing the nature of the allegations, and advising them of their right to opt-into this action if they worked at Neany but were not paid proper wages and/or full overtime pay and benefits pursuant to § 216(b) of the FLSA;

(G) an award of damages, in an amount to be determined at trial, including unpaid back-end and front-end wages as well as liquidated damages pursuant to the FLSA and regulations of the United States Department of Labor promulgated pursuant to the FLSA;

(H) an award of damages, in an amount to be determined at trial, including unpaid back-end and front-end wages pursuant to the AWA;

(I) an award of damages, in an amount of an additional three times the amount of wages due as provided for in the AWA;

(J) penalties available under applicable law;

(K) pre- and post-judgment interest, as provided by law;

(L) reasonable attorney's fees and costs of suit, including expert fees; and

(M) such other legal and equitable relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Luke Evans demands a trial by jury on all claims and issues triable as a matter of right by a jury.

Dated: May 4, 2017

Respectfully submitted,

_____/S/_____
Jeffrey R. Bloom, Esquire
Bar No. 18013
Law Offices of Jeffrey R. Bloom, LLC
11821 Parklawn Drive, Suite 220
Rockville, MD 20852
Tel. (240) 499-8804
Fax (240) 235-4418

Of-Counsel

Peter R. Rosenzweig, Esquire
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Tel. (267) 443-4120
Fax (215) 568-0140